Filed 10/13/25  In re N.M. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re N.M. et al., Persons Coming Under the Juvenile Court Law. _____ SAN LUIS OBISPO DEPARTMENT OF SOCIAL SERVICES,<br><br>    Respondent,<br><br>v.<br><br>R.J.,<br><br>    Appellant. | 2d Juv. No. B344923 (Super. Ct. No. 23JD-00069) (San Luis Obispo County) |

R.J. (Mother) appeals the juvenile court's order terminating her parental rights as to N.M. and A.M.  (Welf. & Inst. Code

§ 366.26.)[1]  She contends the juvenile court erroneously found the parental-benefit exception inapplicable.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, N.M. and A.M., who were 20-months and 10-months-old, were removed from Mother's custody.  San Luis Obispo Department of Social Services (DSS) filed a juvenile dependency petition pursuant to section 300, subdivisions (b) and (j) as to both children.  The petition alleged the children had suffered or were at substantial risk of suffering serious harm due to the parents' failure or inability to supervise or protect them adequately, and the parents' inability to provide regular care for the children due to mental illness or substance abuse.

The juvenile court sustained the petition, ordered the children removed from parental custody and that the parents receive family reunification services.

At the six-month review, the court terminated Father's[2] reunification services and continued services for Mother and authorized a 30-day trial visit with her.  At the 12-month review hearing the court found good cause under section 352 to continue the hearing because Mother's trial visit with the children had been suspended after seven days.

At the continued 12-month review the court terminated reunification services and scheduled a section 366.26 selection and implementation hearing.

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] Termination of Father's parental rights are not at issue in this appeal.

2

At the contested section 366.26 hearing DSS recommended terminating parental rights. The social worker testified that based on her observation, her review of the file, and her assessment, she did not believe the children had a substantial and significant relationship with Mother that outweighed their need for permanency.

Mother testified the children show her affection and call her Mama or Mama B., they do not run from her in fear, and they appear happy to see her. She testified she worked hard at creating a bond with her children and described the bond as unbreakable.

The court found insufficient evidence to establish the parental benefit exception, terminated Mother's parental rights, and ordered adoption as the children's permanent plan.

## DISCUSSION

Mother asserts the juvenile court erred in finding the parental-benefit exception inapplicable because it inappropriately considered her struggles with substance abuse and that she would have post-adoption contact with the children. We disagree.

After reunification services have been terminated, the court sets a section 366.26 hearing "'to select and implement a permanent plan for the child.'" (*In re Caden C.* (2021) 11 Cal.5th 614, 630 (*Caden C.*).) If a child is adoptable,[3] then the court must terminate parental rights absent "'exceptional circumstances.'" (*Id.* at p. 631.) One exception, commonly called the parental benefit exception, exists if the parent establishes by a preponderance of evidence: "(1) regular visitation and contact, and (2) a relationship, the continuation of which would benefit

---

[3] Mother has not challenged the juvenile court's determination that her children are adoptable.

the child such that (3) the termination of parental rights would be detrimental to the child." (*Ibid*., italics omitted; § 366.26, subd. (c)(1)(B)(i).)  If the parent meets her burden, then the exception applies because it would not be in the children's best interest to terminate parental rights, and the court must select a permanent plan other than adoption.  (*Caden C.* at pp. 636-637.)

We review for substantial evidence the first two elements.  (*Caden C., supra*, 11 Cal.5th at pp. 639-640.)  We review the third element under the abuse of discretion standard.  (*Ibid.*)  No one disputed and substantial evidence supports that Mother consistently visited her children.

To establish the second element, the parent must show the child has a "substantial, positive, emotional attachment to the parent—the kind of attachment implying that the child would benefit from continuing the relationship."  (*Caden C., supra*, 11 Cal.5th at p. 636.)  Substantial evidence supports the juvenile court's finding that Mother did not establish that the children's relationship with her was sufficient to support the exception.  "[T]he focus is the child . . . how children feel about, interact with, look to, or talk about their parents."  (*Id*. at p. 632.)  Mother's evidence consisted of her testimony that the children show her affection, they refer to her as "Mama or Mama B.," they do not run from her in fear, they appear happy to see her, and that she "created this bond with my kids.  I've worked so hard on it, building an attachment with them."

In contrast to this evidence, DSS offered evidence that the children were "very dysregulated" during visits with Mother, they had a hard time following directions.  Mother has "difficulty managing and engaging" both children at the same time during visits, and they do not listen to her.  They frequently get upset

4

and tell her "No," and run away from her and do not stop or turn around when Mother calls their names or asks them to stop. Mother is observed to get easily frustrated during visits and will curse in front of the children. The children have begun to repeat her curse word. The children separated easily from Mother at the end of visits. After visits the children usually were angry and had difficulty listening to the foster parent.

The juvenile court properly found Mother's conclusory evidence of a bond with her children was insufficient to establish that children had a substantial, positive, emotional attachment to Mother. In the court's words "there's no evidence [the children bonded], other than what [Mother] said in your mind because you're mom." The court noted evidence that the children called Mother "mama" is "just not sufficient" and that it "cannot find an exception that you bonded with them." Because the juvenile court properly found Mother had not established the second element, "[t]hat alone is sufficient to sustain the court's ruling concerning mother." (*In re Eli B.* (2022) 73 Cal.App.5th 1061, 1075.)

Mother contends the court relied on improper factors, i.e., post-adoption contact and Mother's struggles with substance abuse, in finding the exception had not been shown. The court noted Mother would likely see the children after they were adopted because relatives would adopt them. The court also acknowledged Mother's unsuccessful efforts to address her substance abuse. These observations were not made to explain why the court found insufficient evidence of a bond between the children and Mother.

Moreover, Mother does not contend the evidence she introduced supported the parental benefit exception; for good

reason, it did not. Thus, even if the juvenile court did rely on improper factors in finding the exception inapplicable, the error was harmless because Mother's evidence would not permit a finding in her favor even under the correct legal standard. (*In re J.R.* (2022) 82 Cal.App.5th 526, 533-534.)

DISPOSITION

The judgment (order terminating parental rights) is affirmed.

NOT TO BE PUBLISHED.

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

6

Gayle Peron, Judge
Barry T. LaBarbera, Judge
Superior Court County of San Luis Obispo

———————————————————

Shaylah Padgett-Weibel, for Appellant, R.J.

Jon Ansolabehere County Counsel, and Nicole Radakovich, Deputy County Counsel for Respondent, San Luis Obispo Department of Social Services.